UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DEBRA LASKA, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. |
| v. | : _____ |
| | : |
| KELLEY MANUFACTURING CO. d/b/a | : |
| KMC MANUFACTURING COMPANY | : JURY TRIAL DEMANDED |
| | : |
| Defendant. | : |

COMPLAINT

Plaintiff, Debra Laska, ("Ms. Laska" or "Plaintiff"), by and through her undersigned counsel, respectfully files this Complaint pursuant to the retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

1.

This action is brought against Ms. Laska's former employer, Kelley Manufacturing Co. d/b/a/ KMC Manufacturing Company ("KMC Manufacturing" or "Defendant") under the retaliation provisions of Title VII of the Civil Rights Act to address Defendant's unlawful retaliatory termination of Plaintiff.

2.

Debra Laska is a resident of Tift County, Georgia and was employed by Defendant for approximately seven years before she was terminated on August 7, 2017.

3.

Defendant KMC Manufacturing is a Georgia corporation and does business in the State of Georgia at 80 Vernon Drive, Tifton, Georgia 31793.

## I. JURISDICTION AND VENUE

4.

Jurisdiction of this Court is invoked pursuant to federal question jurisdiction pursuant to the provisions of 28 U.S.C. § 1331, 1337 and 1343.

5.

Venue is proper in this action because the retaliatory termination action complained of by Ms. Laska occurred within the Valdosta Division of this Court. Kelley Manufacturing Co. d/b/a/ KMC Manufacturing Company may be served with process upon its registered agent, Jimmy Tomberlin, 80 Vernon Drive, Tifton, Georgia 31793.

6.

Plaintiff has performed all conditions precedent to the maintenance of this action under Title VII, including the timely filing of a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the EEOC has issued two Right to Sue notices in this case, the first dated September 27, 2017, EEOC Charge No. 415-2017-00789 (see Exhibit 1). The

second Dismissal and Notice of Rights, dated November 21, 2017, was issued in Charge No. 415-2017-00909 (See Exhibit 2).

7.

Ms. Laska filed her charge of retaliation with the EEOC, Charge Number 415-2017-00789, on August 3, 2017, notified the attorney of Defendant by email on Thursday evening of August 3, 2017, and was then terminated on Monday August 7, 2017.  Ms. Laska's Dismissal and Notice of Rights was issued on September 27, 2017 and received on October 2, 2017. Consequently, the filing of this lawsuit is within 90 days of the receipt of each of the Dismissal and Notice of Rights issued by the EEOC in both charges.

## II. **GENERAL ALLEGATIONS**

8.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 9.

9.

Mrs. Laska is a 58-year-old woman, and was a loyal, faithful employee of KMC, who had been with the company for seven years and had never been written up or reprimanded.  At the time of her termination, she was a board member and Director of Human Resources for KMC, and was earning an annual salary of

$51,500.00. Every year with the company she received raises and bonuses and was an exemplary employee.

10.

After doing absolutely nothing wrong, she was retaliated against and terminated. Her offense was being the wife of James Laska, the Vice President of Marketing who was also retaliatory terminated on August 7, 2017 by Defendant. Mr. Laska was fired four (4) days after he filed a Charge of Retaliation with the EEOC. The retaliatory termination of Ms. Laska is evidenced by KMC's pretextual reasons for termination as follows:

  a. Concern that "Mrs. Laska will not be able to effectively serve as human resources director following the termination of her husband, Jimmy Laska's employment with the Company."

  b. Mrs. Laska allegedly wore flip flops while on the plant floor in violation of company policy requiring steel toed boots.

  c. Violating company policy by adding her husband to the company's health insurance program.

  d. Wearing a garment during a board meeting that allegedly exposed her breasts and bra.

## COUNT I
## (RETALIATION UNDER TITLE VII)

11.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 10 of the Complaint, above.

12.

At the time of Plaintiff's termination by Defendant none of the alleged reasons listed in her separation notice:

a. Had been brought to her attention *prior* to her terminaton (except that shortly b efore her termination, her boss asked her to wear steel toed shoes in the plant);

b. Had been investigated by Defendant; and

c. Plaintiff had never been warned, written up or placed on a last chance notice for any of the alleged reasons for her termination.

13.

Defendant's termination of Plaintiff on August 7, 2017, as described above, was in retaliation for her being married to Mr. James Laska, who himself was retaliated against when he was terminated also on August 7, 2017.   The stated reasons for termination, as described in Paragraph 10, above, were wholly pretextual used to cover Defendant's retaliatory reason for terminating both her and her husband.  As a result of Defendant's actions, Plaintiff is entitled to back

pay, bonuses and reinstatement, or alternatively, front pay, lost benefits, compensatory and punitive damages, attorney's fees, cost of litigation and interest.

## PRAYER FOR RELIEF

Wherefore, based on the forgoing, Plaintiff Debra Laska prays for the following relief in this matter:

(a)     That Ms. Laska be reinstated into her Director of Human Resources position, or alternatively be paid front pay for a minimum of four years;

(b)     That Ms. Laska be paid any back pay and bonuses;

(c)     That Ms. Laska be provided with the benefits lost because of her termination, including my unvested stock options, pension contributions and medical insurance;

(d)     That Ms. Laska have and recover compensatory and punitive damages from Defendant under Title VII;

(e)     That Ms. Laska have and recover from Defendant her reasonable attorneys' fees and expenses of litigation awardable under Title VII;

(f)     That Laska be granted a trial by jury as to all issues;

(g)     That Laska be granted injunctive and declaratory relief; and

(h)     That the Court grant Laska any and all other relief to which she may be entitled.

This 21st day of December 2017.

Respectfully submitted,

GARY R. KESSLER, P.C.

By:   /s/ Gary R. Kessler
      Gary R. Kessler
      Georgia Bar No. 416562
      3379 Peachtree Road, N.E.
      Suite 400
      Atlanta, Georgia 30326
      404-237-1020 (office)
      gkessler@martensonlaw.com
      ATTORNEY FOR PLAINTIFF