# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **DEBRA LASKA,**<br><br>    Plaintiff,<br><br>v.<br><br>**KELLEY MANUFACTURING CO. d/b/a KMC MANUFACTURING COMPANY,**<br><br>    Defendant. | Civil Action No. 7:17-CV-214 (HL) |

## ORDER

Before the Court is Plaintiff Debra Laska's Motion for Reconsideration (Doc. 39) of the Court's September 26, 2019, Order (Doc. 37) granting Defendant Kelley Manufacturing Co. d/b/a KMC Manufacturing Company's Motion for Summary Judgment (Doc. 28). For the following reasons, the Court **DENIES** Plaintiff's motion.

Local Rule 7.6 warns litigants that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. A motion for reconsideration is appropriate when the moving party can show: "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Bryant v. Carter, No. 5:09-CV-281 (HL), 2010 WL

2640600, at *1 (M.D. Ga. June 29, 2010) (quoting Pennamon v. United Bank, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009)). "[A] motion for reconsideration does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Wallace v. Ga. Dep't of Trans., No. 7:04-CV-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp 2d. 1337, 1340 (M.D. Fla. 2003)).

Plaintiff filed this action against her former employer based on her allegation that Defendant retaliated against her in violation of Title VII after her spouse engaged in statutorily protected conduct. In the companion case of James Laska v. Kelley Manufacturing Co. d/b/a KMC Manufacturing Company, 7:17-CV-212 (HL), the Court concluded that Mr. Laska failed to demonstrate that he opposed any unlawful employment practice by Defendant and, consequently, granted Defendant's motion for summary judgment. (Doc. 37, p. 16). Mr. Laska moved for reconsideration of that decision, which the Court denied. (Doc. 41). Because Plaintiff's claims against Defendant rise and fall with the success of her husband's claims, Plaintiff's motion for reconsideration must likewise be **DENIED**.

**SO ORDERED**, this the 22nd day of November, 2019.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks